UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHIL KIVER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | NO. 2:16-CV-0217-TOR<br><br>ORDER ON PENDING MOTIONS |

BEFORE THE COURT are Defendant United States of America's Motion for Summary Judgment (ECF No. 12), Motion to Exclude (ECF No. 39) and corresponding Motion to Expedite (ECF No. 40). Defendant's Motion for Summary Judgment was submitted with a request for oral argument, while the remaining motions were submitted for consideration without oral argument. The Court has reviewed the completed briefing and record and files therein, and is fully informed. The Court finds oral argument unnecessary and the hearing was stricken. For the reasons discussed below, the Defendant's Motion to Exclude is

ORDER ON PENDING MOTIONS ~ 1

GRANTED, Defendant's Motion to Expedite is DENIED AS MOOT, and Defendant's Motion for Summary Judgment is DENIED.

Plaintiff has embedded motions and requests in various pleadings. Plaintiff requests the Court for a new discovery cutoff, ECF No. 23-2 at 7; moved to strike the submission of Plaintiff's past speeding tickets from the record, ECF No. 23-3; moved to strike Defendant's expert report, ECF No. 37 at 6; and moved for summary judgment on liability, ECF No. 37 at 7–8. In accordance with Fed. R. Civ. P. 7 and LR 7.1, motions are to be submitted to the Court as pleadings and noted for hearing and not buried in declarations or attached as an exhibit. Accordingly, these array of requests are denied.

## BACKGROUND[1]

The instant suit involves a head-on collision between two vehicles. On the day of the accident, April 10, 2014, "[i]t was a beautiful spring day[,]" ECF No. 13-2 at 5, and the sky was clear, ECF No. 13-4 at 8. The accident occurred around 11:22 a.m. ECF No. 13-4 at 8. Leading up to the accident, Plaintiff, Mr. Kiver

---

[1] The background facts are generally disputed, so on Defendant's motion for summary judgment, the facts are construed in favor of the Plaintiff. As this matter has not proceeded to trial, these are not findings of fact carrying consequences collateral to this decision.

and Ms. Kovalenko, an employee of Defendant United States of America, were driving on West Depot Springs Road – a gravel road with a posted speed limit of 35 mph – when the vehicles they were driving collided head-on. *See* ECF Nos. 13-4 at 8 (overview of road); 13-8 (pictures of vehicles after collision); 34-1 at 12-19 (graphic rendition of vehicles approaching and colliding). At the time of the accident, Ms. Kovalenko was driving a red 1995 Jeep Cherokee eastbound delivering mail on behalf of the United States Postal Service. ECF Nos. 13 at ¶ 6; 34-1 at 2. Mr. Kiver was driving a white 2007 Nissan Sentra westbound on his way back to his residence. ECF No. 1-1 at ¶ 3.1.

According to the Complaint, leading up to the accident Mr. Kiver was driving around a long curve to the right that sloped up, leveled off, then sloped down when he "found a red Jeep Cherokee in his lane, approaching a mailbox that was on his side of the road."[2] ECF No. 1-1 at ¶ 3.3. Mr. Kiver swerved to the lane on his left (the south lane) and slammed his brakes, skidding along the gravel road

---

[2]  Mr. Kiver later stated in his deposition that he only saw Ms. Kovalenko "coming straight" at him in his lane, but did not see her actually turn into his lane or deliver mail. ECF No. 13-2 at 10. Mr. Kiver submitted a supplemental declaration stating that "Kovalenko was so far in my lane that I inferred she was pulling out from the mailbox on my side of the road." ECF No. 35-2 at ¶ 6.

from his side of the road into the oncoming vehicle's side of the road. ECF No. 1-1 at ¶ 3.4. According to the Complaint, Ms. Kovalenko swerved back into her lane of travel (from the north side lane to the south side lane), resulting in the head-on collision. ECF No. 1-1 at ¶ 3.5.

At his deposition, Mr. Kiver indicated the line of sight was "probably a hundred meters [328 feet] where [Ms. Kovalenko] was in my lane of travel when I came up out of the dip and the blind turn and I saw her." ECF No. 13-2 at 5. However, Mr. Kiver submitted a supplemental declaration stating the distance from Mr. Kiver to Ms. Kovalenko "could have been as few as 240 feet, or it could have been a little over 300 feet." ECF No. 35-2 at ¶ 5. Plaintiff's and Defendant's expert relied on the initial number of 100 meters. ECF Nos. 13-4 at 11; 34-1 at 12.

Ms. Kovalenko represents that she was driving east bound in her lane (the south side lane) at a speed of about 15 to 20 miles per hour when she saw Mr. Kiver's oncoming vehicle. ECF No. 13-5 at ¶ 15. She represents that Mr. Kiver was going fast, and that she pulled off to the shoulder on her side of the road and was either stopped or almost stopped before the point of collision. ECF No. 13-5 at ¶ 16.

Mr. Kiver brought suit in the Spokane County Superior Court seeking over $1.3 million in damages; Defendants then removed the action to this Court. ECF Nos. 1; 1-1. Defendant United States of America was substituted as Defendant for

Ms. Kovalenko because Ms. Kovalenko was delivering mail for the United States Postal Service at the time of the accident.

Defendant brought a Motion for Summary Judgment (ECF No. 12), arguing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Plaintiff opposed the motion and, after deadlines were adjusted to account for the inclusion of Ms. Kovalenko's claim as a third party Plaintiff against Mr. Kiver, Plaintiff supported his opposition to the Motion with an expert opinion. This Motion is now before the Court.

## MOTION TO EXCLUDE (ECF No. 39)

Plaintiff's expert opined that a single track mark suggests Ms. Kovalenko was driving on the wrong side of the road. *See* ECF No. 43-1. However, as Defendant notes, this opinion is not based on any scientific principles or methods, but is rather the *ipse dixit* of the expert based on the mere observation of a track mark found in pictures from the accident scene after it was disturbed by responding emergency crews. The Court finds there is no specialized knowledge utilized in reaching this conclusion and thus, the opinion violates Federal Rule of Evidence 702(c) and (d). As a result, the opinion does nothing to help the trier of fact in determining the source of the track or resolve the issue of whether Ms. Kovalenko was driving on the wrong side of the road; thus, the opinion is not admissible under

Federal Rule of Evidence 702. Defendant's Motion to Exclude the expert's opinion is granted.

## MOTION FOR SUMMARY JUDGMENT

A. **Standard of Review**

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The moving party bears the "burden of establishing the nonexistence of a 'genuine issue.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." *Id.*

Only admissible evidence may be considered. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). Per Rule 56(c), the parties must support assertions by: "citing to particular parts of the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or than an adverse party cannot produce admissible evidence to support the fact."

The nonmoving party may not defeat a properly supported motion with mere allegations or denials in the pleadings. *Liberty Lobby*, 477 U.S. at 248. Nor is the "mere existence of a scintilla of evidence" sufficient to defeat summary judgment. *Id*. at 252.

Although, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor[,]" *Id.* at 255, courts have more leeway when the case will not be sent to a jury:

> [W]here the ultimate fact in dispute is destined for decision by the court rather than by a jury, there is no reason why the court and the parties should go through the motions of a trial if the court will eventually end up deciding on the same record. However, just as the procedural shortcut must not be disfavored, courts must not rush to dispose summarily of cases—especially novel, complex, or otherwise difficult cases of public importance—unless it is clear that more complete factual development could not possibly alter the outcome and that the credibility of the witnesses' statements or testimony is not at issue.

*TransWorld Airlines, Inc. v. Am. Coupon Exch., Inc.*, 913 F.2d 676, 684-85 (9th Cir. 1990).

B. **Discussion**

The determinative question is whether Ms. Kovalenko was negligent in any way so as to implicate potential liability based on Washington's comparative negligence framework. The Court finds there are genuine issues of material fact precluding summary judgment on this issue.

The crux of Plaintiff's contention is that (1) Ms. Kovalenko was driving on the wrong side of the road and (2) that Plaintiff was only going 1 mph over the posted 35 mph speed limit, had to swerve to avoid Ms. Kovalenko, and after swerving to his left Ms. Kovalenko turned back into her correct lane of travel, causing the accident. Defendant's contention is that Ms. Kovalenko was traveling on the correct side of the road and that Plaintiff was speeding, causing him to slide into the oncoming lane and collide with Ms. Kovalenko.

The Court cannot find – on summary judgment – that Ms. Kovalenko was not on the wrong side of the road when Mr. Kiver first saw her vehicle. While (1) there is no evidence Ms. Kovalenko was driving on the wrong side of the road other than Mr. Kiver's statement, which he has changed in part, (2) there is ample evidence suggesting Ms. Kovalenko did not deliver mail to her left side of the road (Ms. Kovalenko's vehicle left side window rolled up, no tracks demonstrating Ms. Kovalenko was on the wrong side of the road, Ms. Kovalenko attesting she always delivers on the right side of the road), and (3) the curve and slope of the road is such that a vehicle driving on the correct side of the road could appear to be on the wrong side of the road, there is no evidence that blatantly contradicts Mr. Kiver's version of events so as justify summary judgment on this factual issue. Although the expert opinions demonstrate Mr. Kiver could have stopped short of the point of collision, this still leaves room for partial blame on the part of Ms. Kovalenko

(comparative negligence). As the issue of whether Ms. Kovalenko was on the wrong side of the road ultimately hinges on the credibility of the parties to the accident, it is best reserved for trial.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (ECF No. 12) is **DENIED**.

2. Defendant's Motion to Exclude (ECF No. 39) is **GRANTED**.

3. Defendant's Motion to Expedite (ECF No. 40) is **DENIED AS MOOT**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** October 13, 2017.



THOMAS O. RICE
Chief United States District Judge